IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAVERICK TECHNOLOGIES, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-cv-0135-MJR-PMF |
| ) | |
| DEAN FORD, ) | |
| ) | |
| Defendant. ) | |

ORDER ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

On February 14, 2011, Maverick Technologies, LLC filed suit against Dean Ford in the Circuit Court of St. Clair County, Illinois. Three days later, Defendant Ford removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. The case was randomly assigned to the undersigned District Judge, whose first task it is to verify that subject matter jurisdiction lies. See, e.g., Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010)("The first question in every case is whether the court has jurisdiction"); Winters v. Fru-Con, Inc., 498 F.3d 734, 740 (7th Cir. 2007)("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Accord McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

As the party seeking this federal forum, Defendant Ford bears the burden of establishing that all jurisdictional requirements are satisfied. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03

(7th Cir. 2009). 28 U.S.C. 1332 requires complete diversity between the parties and an amount in controversy exceeding $75,000, excluding interest and costs. Ford has not furnished all the information needed for this Court to determine that subject matter jurisdiction lies.

First, the removal notice alleges that Plaintiff Maverick, an LLC, is a "Missouri corporation with their headquarters and principal place of business located in the State of Illinois" (Doc. 3, p. 1). But Seventh Circuit law clearly holds that, for diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009); Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007). Ford has not identified each of the members of Maverick or alleged the citizenship of each of those members.

Second, the removal notice alleges that Ford is a "resident" of the State of Maryland. Here again, the jurisdictional allegations fall short. Seventh Circuit law plainly discloses that "residence" does not equate to "citizenship," and it is the latter which controls for diversity jurisdiction purposes. Pleading residence is inadequate to invoke diversity jurisdiction, as the Seventh Circuit has emphatically and "repeatedly reminded litigants and district judges" alike. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008), citing Camico, 474 F.3d at 992, Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002), and

McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).

Third, the record before the Court leaves questions regarding the amount in controversy. Ford's removal notice broadly alleges "the amount in controversy is in excess of $75,000, exclusive of interest and costs" (Doc. 3, p. 1), an allegation which, at this point, has not been contested. See Meridian Sec. Ins. Co v. Sadowski, 441 F.3d 536, 542-43 (7th Cir. 2006). Unfortunately, this is not a case in which the complaint supplies the information missing from the removal notice. The complaint seeks only various forms of injunctive relief and does not pray for monetary damages. And the removal notice is silent as to how the threshold is passed, complicating this Court's task of verifying that the amount-in-controversy requirement has been met.

The undersigned Judge will provide an opportunity for Defendant Ford (who seeks this federal forum) to correct the citizenship allegations. Ford may opt to provide additional information regarding the amount in controversy, as well. Accordingly, the Court <u>DIRECTS Ford to file an Amended Removal Notice</u> providing all information needed for this Court to determine that diversity jurisdiction lies over this action – including the identity and citizenship of each member of the LLC, and Ford's state of citizenship – no later than Monday, <u>March 14, 2011</u>.

IT IS SO ORDERED.

DATED February 21, 2011.

s/ <u>Michael J. Reagan</u><br>Michael J. Reagan<br>United States District Judge