IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAVERICK TECHNOLOGIES, LLC, )
)
              Plaintiff, )
)
vs. ) Case No. 11-cv-0135-MJR-PMF
)
DEAN FORD, )
)
              Defendant. )

MEMORANDUM AND ORDER
REMANDING CASE TO STATE COURT

REAGAN, District Judge:

       Last month, Maverick Technologies, LLC sued Dean Ford in the Circuit Court of St. Clair County, Illinois. The lawsuit seeks to enforce a Confidentiality and Non-Solicitation Agreement executed by Ford, who previously worked for Maverick.

       Ford removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. On threshold jurisdictional review, the undersigned District realized that Ford had not furnished all information needed for the Court to ascertain whether jurisdiction lies under § 1332.

       Specifically, the removal notice failed to reveal the critical details as to Plaintiff Maverick, a limited liability company ("LLC"). Seventh Circuit law holds that, for diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of *each of its members*. ***Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*,**

1

**474 F.3d 989, 992 (7th Cir. 2007).** Ford had not identified each of the members of Maverick or alleged their states of citizenship. The removal notice also improperly equated residence with citizenship, another jurisdictional no-no under Seventh Circuit law but typically a defect easily cured via re-pleading.

The Court gave Ford an opportunity to correct the citizenship allegations by filing an amended removal notice identifying the citizenship of all parties, including each member of the Plaintiff LLC (see Doc. 4). Before the deadline expired for Ford to file the amended removal notice, Plaintiff moved to remand the case to Illinois state court (Doc. 5).

The remand motion, supporting memorandum, and affidavit plainly disclose that the parties are not completely diverse. Defendant Ford is a citizen of Maryland. Plaintiff Maverick Technologies, LLC is 100% owned by Maverick Technologies Holdings, LLC ("MTH"). One of the members of MTH, Katherine Madeiros, is a Maryland citizen. Diversity does not exist between the parties. Therefore, this Court does not enjoy subject matter jurisdiction under § 1332. Nor do the pleadings disclose any other basis for federal jurisdiction. In its March 21st response to the remand motion, Plaintiff Maverick concedes this point, consenting to remand of the case to state court (Doc. 9).

The parties to this suit are not completely diverse, and no other basis for federal subject matter jurisdiction exists. Because this Court lacks subject matter jurisdiction, the undersigned Judge **GRANTS** Plaintiff's motion (Doc. 5) and **REMANDS** this case to the Circuit Court of St. Clair County, Illinois.

IT IS SO ORDERED.

DATED March 23, 2011.

                                                 s/ ***Michael J. Reagan***
                                                 Michael J. Reagan
                                                 United States District Judge